Albert Dolan, appellee, v. Hoosier Casualty Company, appellant.

No. 50310.

(Reported in 110 N.W.2d 334)

August 15, 1961.

Kenline, Roedell, Hoffmann & Reynolds, of Dubuque, for appellant.

Alan E. Kean and Alfred R. Hughes, both of Dubuque, for appellee.

Oliver, J.—This is an action at law against Hoosier Casualty Company, upon a family specified disease expense policy of indemnity insurance, for expense incurred by plaintiff in treating a member of his family for a disease. The basic question is whether the coverage included rheumatic fever, a disease not specified in the policy, but which was caused by scarlet fever, a specified disease. Trial to the court resulted in judgment for plaintiff, and this appeal by defendant.

The policy was issued in 1952, for a premium of ten dollars per year. It was in effect in 1957 when plaintiff's son, Robert, became ill and was treated by Doctor Faber. It was stipulated that, if called as a witness, Doctor Faber would testify:

"On February 12th, 1957 Robert E. Dolan was confined at home with a streptococcic sore throat and associated toxic rash which was interpreted as scarlet fever, and that his home confinement was from February 12th to March 8th, 1957.

"That he was admitted to Mercy Hospital from March 26th to April 8th, 1957 with a diagnosis of rheumatic fever. That the etiology of the rheumatic fever was scarlet fever."

A dictionary definition of etiology is: the science, doctrine or demonstration of causes, especially, the investigation of the causes of any disease.

It was stipulated also, that the expenses incurred for the treatment of rheumatic fever were, Hospital Services $198.60, Medical Services, Doctor Faber, $256.25, Drugs and Medicines $568.40, total $1023.25, and that they were fair and reasonable expenses and the customary and usual charges.

This action does not involve expenses incurred for the treatment of the specified disease of scarlet fever.

I. The distinguished trial court found the language of the policy was ambiguous with respect to the coverage afforded for expense resulting from a (nonspecified) disease caused by a specified disease, and held the ambiguous provisions should be liberally construed in favor of the insured to effect the dominant purpose of indemnity to the insured. Based upon this the court rendered judgment for the amount prayed.

Our consideration of the policy leads us to conclude there is no real ambiguity in the provisions fixing or referring to the coverage provided by it and therefore the rendition of the judgment against defendant constituted error.

II. The first paragraph of the policy recites, the Company Hereby Insures the insured, "against loss by reason of expense incurred for treatment of Specified Diseases by the insured and the eligible members of the insured's Family * * *."

Immediately following this, Part I, entitled, "Specified Diseases", states:

"As used in the policy 'Specified Diseases' include only Poliomyelitis, Spinal or Cerebral Meningitis, Diphtheria, Scarlet Fever, Smallpox, Leukemia, Encephalitis, Tetanus and Rabies, which shall originate after noon of the policy date * * *."

These paragraphs, in so many words, fix the coverage to include only expense incurred for treatment of "Specified Diseases." The language used is clear and unambiguous and requires no construction. It does not directly exclude any disease. It merely limits the coverage to expense incurred for treatment of "Specified Diseases."

III. The policy makes no reference to any disease other than those specified. However, the main basis for the finding of ambiguity is that the intention of the parties as to the coverage afforded for expense resulting from a disease caused by a specified disease cannot be clearly ascertained by the application of the ordinary rules of construction.

This finding is based upon language of the Insuring Division and the Expenses Payable Division of the policy. The language of the Insuring Division, which we have already found to be clear and unambiguous, is "against loss by reason of expense incurred for treatment of Specified Diseases." That of the Expenses Payable Division covers expense incurred "by reason of the fact that a member of the family has contracted a specified disease." It is stated the expense for treatment of the rheumatic fever was incurred, "by reason of the fact that" the child had contracted scarlet fever.

The Expenses Payable Division is not properly subject to such interpretation. This becomes apparent when all its pertinent parts are considered. It states:

"If the insured shall incur expense *for any of the services listed herein,* by reason of the fact that a member of the Family named in the Application has contracted a Specified Disease, the Company will pay an indemnity equal to the expense incurred within three years of the commencement of a Specified Disease *for such services,* subject to the limitations stated therewith, but not exceeding an aggregate indemnity of $5,000.00 *for all such services,* with respect to the Member. * * *." (Italics supplied.)

Following this the policy lists:

"Hospital Services. The usual and customary charge made by the hospital for room, board, all services of regular hospital attendants, and any hospital apparatus or medicines used in the treatment of a Specified Disease.

"Medical Services: The usual and customary charge made by a licensed Doctor of Medicine or Osteopathy for treatment of a Specified Disease.

"Nursing Services: The usual and customary charge for care and attendance by licensed or graduate nurses not members of the insured family.

"Ambulance Services: * * *.

"Iron Lung: * * *.

"Blood Transfusions: * * *.

"Drugs and Medicines: The usual and customary charges for all drugs and medicines used in the treatment of such sickness.

"Transportation: * * *.

"Braces and Crutches: * * *."

The words in the Expenses Payable Division italicized by us, limit the Expenses Payable to expense incurred, "for any of the services listed herein"; "within three years of the commencement of a Specified Disease for such services", and to an aggregate indemnity, "for all such services". Plaintiff's claim is for expense incurred for hospital, doctor and medical bills, for a (nonspecified) disease caused by a specified disease. The services, the expenses of which are payable, are hospital services, used in the treatment of a Specified Disease, Medical Services for treatment of a Specified Disease, and Drugs and Medicines used in the treatment of such sickness. Services for the treatment of a nonspecified disease are not included in the list. Hence, the language of the Expenses Payable Division, here in question, should not be given an interpretation differing from that of the Insuring Division.

IV. Attached to the policy is a copy of plaintiff's "Application * * * for * * * Family Specified Disease Expense Policy covering only" the ten specified diseases. It contains a question:

"Do you understand that this policy will cover expense resulting only from the diseases named \* \* \*?" and plaintiff's answer, "Yes." As used in this question, the word "only" is an adverb. It is a restrictive word, a word of limitation. Some of the definitions listed in 67 C. J. S., pages 498, 499, are exclusively, solely, no other than. Without determining what weight, if any, should be given this question and answer in the Application we hold they should not be interpreted as referring to a coverage different from that provided by the insuring provisions of the policy, "expense incurred for treatment of Specified Diseases." —Reversed.

All JUSTICES concur.